IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| INLAND ENVIRONMENTAL AND REMEDIATION, INC., | § § § | CASE NO. 16-34624 |
| | § | |
| Debtor. | § | CHAPTER 11 |
| | § | |
| WELLS FARGO EQUIPMENT FINANCE, INC., | § § | |
| | § | |
| Movant, | § | |
| | § | |
| vs. | § | |
| | § | |
| INLAND ENVIRONMENTAL AND REMEDIATION, INC., | § § § | |
| | § | |
| Respondent. | § | |

### MOTION FOR RELIEF FROM STAY AGAINST EQUIPMENT

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON FEBRUARY 14, 2017, AT 9:30 A.M. IN COURTROOM 600, 515 RUSK STREET, 6TH FLOOR, HOUSTON, TEXAS.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, WELLS FARGO EQUIPMENT FINANCE, INC. ("Wells Fargo"), Movant, and files this Motion for Relief from Stay Against Equipment, and in support thereof would respectfully state to the Court as follows:

## Jurisdiction

1. This court has jurisdiction to hear and determine this motion pursuant to 28 U.S.C. §1334 and §157(B)(1), (b)(2)(A) and (G), 11 U.S.C. §362, and all other applicable rules and statutes affecting this Court's jurisdiction.

## Factual Background

2. On September 14, 2016 ("Petition Date"), Inland Environmental and Remediation, Inc. ("Inland" or "Debtor"), filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

## Description of Debt and Collateral

**Master Loan and Security Agreement No. xxxxx9**

3. Prior to the Petition Date, the Debtor entered into Master Loan and Security Agreement No. 341389 ("Loan Agreement") dated as of March 17, 2011, with Wells Fargo Equipment Finance, Inc. A copy of the Loan Agreement is attached hereto as **Exhibit "A".**

(a) **Loan Schedule No. 9-701 ("Schedule #701")**

4. Inland and Wells Fargo entered into Loan Schedule No. 701 dated as of February 27, 2013, covering the sale of equipment described as follows:

> One (1) Komatsu Model HM350-2 Articulated Dump Truck s/n A11032 together with all accessories, attachments, parts, repairs, additions and replacements attached thereto ("Truck #1).

A copy of Schedule #701 is attached hereto as **Exhibit "B"**.

5. Wells Fargo perfected its security interest in Truck #1 by filing a UCC-1 Financing Statement with the Texas Secretary of State. A copy of the UCC-1 is attached hereto as **Exhibit "C"**.

6. Under the terms of Schedule #701, the Debtor promised to pay Wells Fargo the total net balance of $98,706.58 plus interest in thirty-six (36) consecutive principal and interest installments of $2,903.25 each, with the first payment due April 15, 2013.

7. As of September 14, 2016, the Debtor owed a total of $6,169.36 on Schedule 701, broken down as follows: $6,108.28 principal and $61.08 interest. The Debtor has not made a payment to Wells Fargo under Schedule #701 since June 8, 2016. A copy of the payment history for Schedule 701 is attached hereto as **Exhibit "D".**

**(b)     Loan Schedule No. 9-702 ("Schedule #702")**

8. Inland and Wells Fargo entered into Loan Schedule No. 702 dated as of February 27, 2013, covering the sale of equipment described as follows:

> One (1) Komatsu Model HM350-2 Articulated Dump Truck s/n A11024 together with all accessories, attachments, parts, repairs, additions and replacements attached thereto ("Truck #2).

A copy of Schedule #702 is attached hereto as **Exhibit "E"**.

9. Wells Fargo perfected its security interest in Truck #2 by filing a UCC-1 Financing Statement with the Texas Secretary of State. A copy of the UCC-1 is attached hereto as **Exhibit "F"**.

10. Under the terms of Schedule #702, the Debtor promised to pay Wells Fargo the total net balance of $98,706.58 plus interest in thirty-six (36) consecutive principal and interest installments of $2,903.25 each, with the first payment due April 15, 2013.

11. As of September 14, 2016, the Debtor owed a total of $6,169.36 on Schedule 702, broken down as follows: $6,108.28 principal and $61.08 interest. The Debtor has not made a

payment to Wells Fargo under Schedule #702 since June 8, 2016.  A copy of the payment history for Schedule 702 is attached hereto as **Exhibit "G".**

   **(c)**  **Loan Schedule No. 9-703 ("Schedule #703")**

  12. Inland and Wells Fargo entered into Loan Schedule No. 703 dated as of July 30, 2013, covering the sale of equipment described as follows:

> One (1) Del Skid Mounted Total Clean System s/n TCS-1500-003
> One (1) Del 4 Panel Delineator Shaker s/n LS-236
> One (1) Del 4 Panel Delineator Shaker s/n LS-237
> One (1) Del 4 Panel Delineator Shaker s/n LS-113
> One Transfer Pump with Sensor s/n EP-97 (collectively, "Skid #1").

A copy of Schedule #703 is attached hereto as **Exhibit "H"**.

  13. Wells Fargo perfected its security interest in the Skid by filing a UCC-1 Financing Statement with the Texas Secretary of State.  A copy of the UCC-1 is attached hereto as **Exhibit "I"**.

  14. Under the terms of Schedule #703, the Debtor promised to pay Wells Fargo the total net balance of $293,000.00 plus interest in sixty (60) consecutive principal and interest installments of $5,462.40 each, with the first payment due September 15, 2013.

  15. As of September 14, 2016, the Debtor owed a total of $164,981.84 on Schedule 703, broken down as follows:  $163,025.53 principal and $1,956.31 interest.  The Debtor has not made a payment to Wells Fargo under Schedule #703 since June 8, 2016.  A copy of the payment history for Schedule 703 is attached hereto as **Exhibit "J".**

   **(c)**  **Loan Schedule No. 9-705 ("Schedule #705")**

  16. Inland and Wells Fargo entered into Loan Schedule No. 705 dated as of November 19, 2013, covering the sale of equipment described as follows:

> One (1) Del Skid Mounted Total Clean System s/n TCS-15002
> One (1) Del 4 Panel Delineator Shaker s/n LS-251
> One (1) Del 4 Panel Delineator Shaker s/n LS-252
> One (1) Del 4 Panel Delineator Shaker s/n LS-253 (collectively, "Skid #2").

A copy of Schedule #705 is attached hereto as **Exhibit "K"**.

17. Wells Fargo perfected its security interest in the Skid by filing a UCC-1 Financing Statement with the Texas Secretary of State. A copy of the UCC-1 is attached hereto as **Exhibit "L"**.

18. Under the terms of Schedule #705, the Debtor promised to pay Wells Fargo the total net balance of $293,000.00 plus interest in sixty (60) consecutive principal and interest installments of $5,462.40 each, with the first payment due January 15, 2014.

19. As of September 14, 2016, the Debtor owed a total of $190,435.10 on Schedule 705, broken down as follows: $188,176.98 principal and $2,258.12 interest. The Debtor has not made a payment to Wells Fargo under Schedule #705 since June 8, 2016. A copy of the payment history for Schedule 705 is attached hereto as **Exhibit "M".**

20. Movant is the current holder and owner of the Loan Agreement and Schedules.

### Relief Requested

21. Wells Fargo seeks relief from 11 U.S.C. § 362(a) so that it may exercise its legal rights and remedies under non-bankruptcy law against the Collateral,[1] either judicially or non-judicially, including the right to take possession of the Collateral, voluntarily or through any legal or equitable proceedings, to the exclusion of the Debtor.

22. Under 11 U.S.C. §362(d)(1), the Bankruptcy Court has the authority, on request from a party in interest and after notice and a hearing, to grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." "Cause" for granting relief from the automatic stay is determined on a case-by-case basis. *See Reitnauer v. Texas Exotic Feline Found. (In re Reitnauer)*, 152 F.3d 341 (5th Cir. Tex. 1998) (citing *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992)). In deciding

whether cause has been shown, courts must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied. *See In re Robbins*, 964 F.2d at 345.

23.     Cause for relief exists in this case due to the ongoing damages suffered by Movant resulting from the Debtor's failure to perform its obligations under the terms of the Loan Agreements.  By failing to tender the payments due pursuant to the Loan Agreements and Schedules, the Debtor has not adequately protected Movant's interest in the Collateral.  Movant lacks adequate protection because the Collateral is declining in value through the simple passage of time.  Movant believes its interest is not being adequately protected in that the Collateral is not being properly maintained and is therefore depreciating more than could reasonably be expected. Interest, insurance costs, taxes, and costs of maintaining the Collateral continue to amass while the value of the Collateral quickly declines.  Meanwhile, Movant's collateral is exposed to risks of damage or loss through accident, theft, etc.

24.     Upon information and belief, the Debtor continues to use Wells Fargo's Collateral without paying on the obligations secured thereby. Cause exists to lift the stay under Section 362(d)(1) of the Bankruptcy Code.  If Movant is not permitted to exercise its rights and remedies under the Loan Agreement and Schedules, including, without limitation, its rights to foreclose on the Collateral, it will suffer irreparable harm, loss and damages.   The Debtor is becoming more delinquent each month, which is highly prejudicial to Movant in light of the Collateral's proneness to economic and physical deterioration. The depreciation, as well as risk of damage or loss through accident, theft, fire, and/or other damages, denies Movant adequate protection. Cause exists to lift the stay under Section 362(d)(1) of the Bankruptcy Code.

---

[1] Truck #1, Truck #2, Skid #1 and Skid #2 are hereinafter collectively referred to as the "Collateral".

25. Alternatively, the stay as to the Collateral should be terminated pursuant to section 362(d)(2) because, upon information and belief, there is no equity in the Collateral and the Collateral is not necessary for reorganization by the Debtor. The Debtor has other equipment that may be used in its business operations.

26. Movant seeks a waiver of the fourteen (14) day requirement imposed by Bankruptcy Rule 4001(a)(3) so that it may be allowed to immediately enforce and implement an order granting relief from the automatic stay.

Wherefore, premises considered, Movant prays that the Court grant relief under section 362(d) of the Bankruptcy Code by terminating the automatic stay as to Movant, allowing the Movant to exercise whatever legal rights and remedies it might have against the Debtor and the Collateral which is encumbered by the security interests of the Movant, and for such other and further relief to which it may be entitled, at law or in equity.

Respectfully submitted,

LEYH, PAYNE & MALLIA, PLLC

By: /s/ Steven A. Leyh_____
    Steven A. Leyh
    Texas Bar No. 12318300

9545 Katy Freeway, Suite 200
Houston, Texas 77024
(713) 785-0881 (Telephone)
(713) 784-0338 (Facsimile)

**Attorneys for Wells Fargo Equipment Finance, Inc.**

**Certificate of Conference**

I, Steven A. Leyh, certifies that prior to filing this motion an attempt was made to confer with the Debtor's counsel, Richard L Fuqua, II, by telephone (713-960-0277) or by e-mail (fuqua@fuqualegal.com), on January 11, 2017.  An agreement could not be reached, therefore a hearing will be necessary.

/s/ Steven A. Leyh_____

**Certificate of Service and Certificate of Compliance with BLR 4001**

On January 24, 2017, a copy of this Motion was served on the persons shown on the attached Service List, either electronically by the Court's ECF system, or by prepaid United States first class mail.  Movant certifies that it has complied with Bankruptcy Local Rule 4001.

/s/ Steven A. Leyh_____