IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 CASE |
| | § | |
| INLAND ENVIRONMENTAL AND | § | CASE NO. 16-34624 |
| REMEDIATION, INC. | § | |
| | § | |
| DEBTOR | § | |
| | § | |

**COLORADO COUNTY CENTRAL APPRAISAL DISTRICT'S
OBJECTION TO CREDITOR WELLS FARGO EQUIPMENT FINANCE, INC.'S
MOTION FOR RELIEF FROM STAY AGAINST EQUIPMENT**
(Relates to Doc. # 81)

**To the Honorable Jeff Bohm
United States Bankruptcy Judge**:

Comes now COLORADO COUNTY CENTRAL APPRAISAL DISTRICT[1] ("Colorado County") a secured creditor and party in interest in this case, and files this Objection to creditor Wells Fargo Equipment Finance, Inc.'s ("Wells Fargo") Motion for Relief from Stay Against Equipment (Doc. No. 81), and in support thereof, respectfully shows this Court the following:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, *et seq*. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(G) and (K).

**Background**

2. Colorado County and the entities for which it collects are units of local government in the State of Texas and are authorized and required under the laws of the State of Texas to assess, levy, and collect property taxes on tangible personal property within their boundaries.

---

[1] Colorado County Central Appraisal District is the collecting entity for Colorado County Groundwater Conservation District, Colorado County, Columbus Independent School District, Rice Consolidated Independent School District, and Rice Hospital District.

3. Colorado County timely filed claims and estimated claims for taxes assessed on tangible personal property of the estate for the 2015 and 2016 tax years.

4. On January 24, 2017, Wells Fargo moved for relief from the automatic stay as to certain specifically described items of equipment Colorado County understands is currently in the Debtor's possession. That equipment is described by Wells Fargo as:

> One (1) Komatsu Model HM350-2 Articulated Dump Truck s/n A11032 together with all accessories, attachments, parts, repairs, additions and replacements attached thereto ("Truck #1).
>
> One (1) Komatsu Model HM350-2 Articulated Dump Truck s/n A11024 together with all accessories, attachments, parts, repairs, additions and replacements attached thereto ("Truck #2).
>
> One (1) Del Skid Mounted Total Clean System s/n TCS-15002
> One (1) Del 4 Panel Delineator Shaker s/n LS-251
> One (1) Del 4 Panel Delineator Shaker s/n LS-252
> One (1) Del 4 Panel Delineator Shaker s/n LS-253 (collectively, "Skid #2").

(the "Equipment")

5. Colorado County opposes Wells Fargo's motion for relief from the automatic stay and requests, for the reasons stated below, that in the event the stay is lifted as to the Equipment for Wells Fargo, that it also be lifted as to Colorado County at the same time and to the same extent. Colorado County further requests that Wells Fargo be required to provide them with advance notice of the repossession of the Equipment as well as advance notice of the date, time, and location of the disposition of the Equipment, to keep them informed as to the exact location of the Equipment, and not to move the Equipment from Colorado County, Texas except as may otherwise ordered by the Court or agreed to in writing by Colorado County.

6. Counsel for Colorado County and Wells Fargo have communicated regarding resolution of Colorado County's concerns, and it appears possible that an agreement may be reached.

**Tax Liens**

7. Colorado County's tax claims are secured by valid continuing perfected enforceable tax liens on tangible personal property of the estate, as provided by Section 32.01 of the Texas Property Tax Code. Pursuant to Section 32.05 of the Texas Property Tax Code, Colorado County's tax liens are prior and superior to the liens of Wells Fargo as to all of the Debtor's tangible personal property. Colorado County's tax liens are in solido, and encumber all of the Debtor's tangible personal property as provided under Section 32.01(b) of the Texas Property Tax Code. See also *In Re Universal Seismic Associates, Inc.* 288 F.3d 205 (5th Cir. (Tex)).

8. Colorado County opposes the lifting of the automatic stay as to Wells Fargo only to the extent that this relief is intended to lift the stay as to Wells Fargo only, and not as to the Equipment generally. The granting of such relief to Wells Fargo will potentially enable an inferior lien holder to avoid Colorado County's tax liens by enabling Wells Fargo to non-judicially foreclose its liens without notice to Colorado County and potentially facilitates the conveyance of the Equipment to a buyer or buyers in the ordinary course of business without providing adequate protection for the tax claims of Colorado County, while Colorado County is barred from action to protect its interests by the automatic stay.

9. In the event the Court approves the relief requested by Wells Fargo, Colorado County respectfully requests that the Court order that the automatic stay be lifted to them at the same time and to the same extent it is lifted for Wells Fargo, that Wells Fargo be ordered to provide Colorado County with notice that it has taken possession of the Equipment and to keep Colorado County informed as to the exact location of the Equipment, to provide Colorado County with advance notice of the time, date, and location set for the sale of the Equipment, and that the Equipment not

be moved from Colorado County, Texas without approval of the Court or the written agreement of Colorado County.

WHEREFORE, PREMISES CONSIDERED Colorado County Central Appraisal District requests that the Court grant it relief from the stay at the same time and to the same extent it is granted to Wells Fargo Equipment Finance, Inc., that Wells Fargo Equipment Finance, Inc. be required to provide Colorado County Tax Office with and reasonable advance notice of the repossession and disposition of the tangible personal property as to which the stay is lifted, as well as written notice of the exact location of any such tangible personal property, that Wells Fargo Equipment Finance, Inc. be ordered not to remove any property of the estate from Colorado County, Texas, that any order lifting the stay in this case describe any and all items of tangible personal property with particularity, and such other and further relief as is just.

Respectfully Submitted,

PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, LLP

/s/ Owen M. Sonik
Owen Sonik
SBN: 18847250
PERDUE, BRANDON, FIELDER
COLLINS & MOTT, L.L.P.
1235 North Loop West
Suite 600
Houston, Texas 77008
Phone: (713) 802-6969
Fax: (713) 862-1429
Email: osonik@pbfcm.com

ATTORNEY FOR COLORADO COUNTY
CENTRAL APPRAISAL DISTRICT

## Certificate of Service

I hereby certify that on this the 6th day of February, 2017, I sent a true and correct copy of the above and foregoing Colorado County Central Appraisal District's Objection to the Wells Fargo Equipment Finance, Inc.'s Motion for Relief from Stay Against Equipment to the following parties by the following means.

**DEBTOR**

Inland Environmental
1022 Schultz Road
Columbus, TX 78934

**ATTORNEY FOR DEBTOR**

Richard L. Fuqua II, whose email address is:     fuqua@fuqualegal.com

**ATTORNEY FOR WELLS FARGO EQUIPMENT FINANCE, INC.**

Steven A. Leyh, whose email address is:     sley@lpmfirm.com

**UNITED STATES TRUSTEE**

Christine A. March, whose email address is:     christine.a.march@usdoj.gov

**And all other parties requiring notice via Courts ECF e-notice.**

                                        **/s/ Owen M. Sonik**
                                            **Owen M. Sonik**