IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| INLAND ENVIRONMENTAL | § | CASE NO. 16-34624 |
| AND REMEDIATION, INC., | § | |
| Debtor, | § | (CHAPTER 11) |

DEBTOR'S EMERGENCY APPLICATION FOR AUTHORITY TO RETAIN
SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §327(e)
[hearing requested for Thursday, February 16, 2017 at 10:00 a.m.;
estimated time:  15 minutes]

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF REQUESTED MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.   UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER FURTHER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE

To The Honorable Jeff Bohm,
United States Bankruptcy Judge:

1.      INLAND ENVIRONMENTAL AND REMEDIATION, INC., the Debtor herein (the "Debtor"). Files this its Debtor's Emergency Application For Authority To Retain Special Counsel Pursuant to 11 U.S.C. §327(e) (the "Application").

2.      The Debtor seeks expedited consideration of this motion in light of the fact that a deadline of <u>March 13, 2017</u> has been set by this Court for the Debtor to file its chapter 11 plan of reorganization and chapter 11 disclosure statement.  The Debtor desires to achieve final closure of its Altair, Texas facility pursuant to authorization of the Railroad Commission of Texas (RRC) in the most cost effective manner available.  As such, the Debtor has requested the engineering firm of Cook-Joyce, Inc. and the law firm of Hance Scarborough, LLP to prepare a detailed closure activities plan and seek approval of the plan by the RRC, the surety entity administering the closure bond funds, and this Court.  In order to move forward expeditiously to complete final closure, the retention of the law firm of Hance Scarborough, LLP and, specifically Jay B. Stewart, as special counsel, is necessary.  Mr. Stewart has extensive experience before the RRC, and provides a knowledge of the case, the facts, the parties, and the law such that it would be detrimental to the progress of the case not to permit his engagement.

3.      The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on September 14, 2016 (the "Date of the Petition").  From the Date of Petition the Debtor has maintained possession of its property, and has continued to remain in control of its ongoing business affairs as a Debtor-in-possession pursuant to the provisions of 11 U.S.C. §1107 and 1108.

4.      The Court has jurisdiction over the proceedings herein pursuant to 11 U.S.C. §105, and 28 U.S.C. §151, 157, and 1334.  Venue is appropriate by virtue of 28 U.S.C. § 1408.

5.     The Debtor is providing notice of this motion to all interested parties including the United States Trustee.

6.     Debtor has sought authority and has been approved to retain the law firm of Fuqua & Associates, P.C. (the "Firm").

7.     Debtor now seeks to retain the law firm of Hance Scarborough, LLP and chooses to designate Jay B. Stewart as special counsel ("Special Counsel") to assist the Firm for the reason that Special Counsel has been advising the Debtor since 2002.   Special Counsel has considerable and extensive knowledge of the regulatory rules regarding the recycling of oil and gas waste, and with the Altair, Texas site in particular.  Debtor believes that Special Counsel has the necessary and requisite expertise and knowledge to assist both the Firm and the Debtor-in-possession in these proceedings.

8.     The professional services to be provided by Special Counsel include, *inter alia*:

(a)     To provide the Debtor legal representation before the Railroad Commission of Texas to gain regulatory recognition and cooperation with the closure activities at the Altair facility;

(b)     To perform all other legal services for the Debtor as a Debtor-in –possession that may become necessary to effectuate a closure plan for the facility.

9.     For the reasons stated herein, the Debtor is of the view that it is necessary for it to be authorized to retain Special Counsel in connection with its duties and responsibilities as a Debtor-in possession.  The Debtor has previously sought the advice of Special Counsel, and would submit to this Court, that the employment of Hance Scarborough, LLP and specifically Jay B. Stewart is in the best interest of the Debtor, its estate, and to the Debtor's creditors.

---

10.     Other than as disclosed below, to the best of Debtor's knowledge, information and belief, Special Counsel has no connection of any kind or nature with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the Unites States Trustee or any person employed in the office of the United States Trustee.  Hance Scarborough, LLP is an unsecured creditor in the instant bankruptcy case. Other than its unsecured claim, Hance Scarborough, LLP and Jay B. Stewart represent no interest adverse to the Debtor or its estate in the matters upon which they have been engaged by the Debtor.

Special Counsel does have a prior relationship to the Debtor and its president, David Polston, specifically Special Counsel has previously provided representation as follows:

> On-going regulatory representation before the Railroad Commission of Texas, including permitting, rulemaking and enforcement representation from 2002 to the present.

11.     Retention and employment of Special Counsel would be in the best interest of the Debtor and its estate.  The Affidavit of Special Counsel pursuant to 11 U.S.C. §327(a) and (e) and Fed.R. Bank.P. 2014 and *Curriculum Vitae* of Jay B. Stewart  are attached hereto and incorporated by reference herein for all purposes as Exhibit "A".

12.     At the represent time, Special Counsel charges the following billing rates:

| | |
|---|---|
| Jay B. Stewart | $400.00 an hour |
| Associates | $250.00 an hour |
| Law Clerks & Legal Assistants | $100.00 to $125.00 an hour |

The fees which will be charged on an hourly basis to the debtor, as a Debtor-in-possession, will be the normal and ordinary fees charged by Special Counsel to its other non-bankruptcy clients, and are favorably comparable to fees charged by other law firms in the

Southern District of Texas for services of a similar nature.  Special Counsel requires the Debtor to provide a retainer of $20,000.00 against which Special Counsel will provide application to this Court.

13.    Pursuant to 11 U.S.C. §§330 and 331, any compensation sought in this bankruptcy case by the Special Counsel will be subject to the scrutiny and authority of this Court.

14.    Special Counsel does certify that he has received a copy of the Guidelines for Fee Application for Attorneys effective January 1, 1993 (revised May 5, 1993), that he has read and understands the same, and that he will follow such guidelines in making all fee applications.

WHEREFORE, PREMISES CONSIDERED, Inland Environmental and Remediation, Inc., the Debtor herein, prays this Court to authorize the employment of Special Counsel; that Special Counsel be employed on an hourly fee basis to represent the Debtor as a Debtor-in-possession for all matters relating to the preparation of a detailed closure activities plan; and seek approval of the plan by the RRC, the surety entity administering the closure bond funds, and this Court in these proceedings under Chapter 11 of Title 11 of the United States Code.

Respectfully submitted this 9th day of February, 2017.

Respectfully submitted,

/s/ Richard Lee Fuqua
Richard Lee Fuqua
FUQUA & ASSOCIATES, PC
SBN 07552300
5005 Riverway, Suite 250
Houston, Texas 77056
713.960.0277
rlfuqua@fuqualegal.com
Attorney for the Debtor

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing instrument was forwarded by ECF and or U.S. mail, first class postage pre-paid to the United States Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002 and to all parties listed on the attached service list on the 10th day of February, 2017.

/s/ Richard L.Fuqua
Richard L. Fuqua

<u>EXHIBIT "A"</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| INLAND ENVIRONMENTAL | § | CASE NO. 16-34624 |
| AND REMEDIATION, INC., | § | |
| Debtor, | § | (CHAPTER 11) |

### AFFIDAVIT OF PROPOSED SPECIAL COUNSEL PURSUANT TO
### 11 U.S.C. §327 (e) AND FED.R.BANK.P. 2014(a)

| | |
|---|---|
| THE STATE FO TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Before me, the undersigned authority, on this day personally appeared Jay B. Stewart, personally known to me. After I administered the oath to him, upon his oath he stated:

"My name is Jay B. Stewart. I am of sound mind, over the age of twenty-one (21), and capable of making this Affidavit. I am admitted to practice law in the State of Texas since 1990. I maintain my law practice at the law offices of Hance Scarborough, LLP, 400 W. 15th Street, Suite 950, Austin, Texas 78701.

At the present time, my services for all of the law firm's clients are billed at the rate of $400.00 an hour. The fees charged by the law firm of Hance Scarborough, LLP to the debtor's estate are as follows:

> Associates:    $250.00 per hour
> Law Clerks/Legal Assistants $100.00 to $125.00 an hour.

Other than as disclosed below, Neither I nor Hance Scarborough, LLP. have any connection of any kind or nature with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the Unites States Trustee or any person employed in the office of the United States Trustee. Hance Scarborough, LLP is an unsecured creditor in the instant bankruptcy case. Other than its unsecured claim, Hance Scarborough, LLP and Jay B. Stewart represent no interest adverse to the Debtor or its estate in the matters upon which they have been engaged by the Debtor.

Hance Scarborough, LLP and Jay B. Stewart do have a prior relationship to the Debtor and its president, David Polston, specifically, Hance Scarborough, LLP and Jay B. Stewart have previously provided legal representation to the Debtor and its president, David Polston as follows:

On-going regulatory representation before the Railroad Commission of Texas, including permitting, rulemaking and enforcement representation from 2002 to the present.

Other than as disclosed above, Hance Scarborough, LLP and I are both disinterested persons.

Neither I nor the law firm of Hance Scarborough, LLP hold or represent any interest adverse to the Debtor or its estate in the matters upon which we are to be engaged by the Debtor.

The employment of Hance Scarborough, LLP is in the best interest of the Debtor and its estate.

Further Affiant sayeth not."

Jay B. Stewart

Sworn to and subscribed before me by _9_ on this the day of February, 2017.

ADAM PEYTON
Notary Public, State of Texas
My Commission Expires
February 17, 2019

Notary Public In and for the State of Texas

My Commission Expires:_____

400 W. 15th Street
Suite 950
Austin, Texas 78701
512-479-8888
jstewart@hslawmail.com

*Curriculum Vitae*
Of
# JAY B. STEWART

**Education:**

Mr. Stewart received his B.B.A. from the University of Texas in 1987.   In 1990, he received his law degree from Texas Tech University.   He was licensed by the State Bar of Texas in 1990.

**Professional Career:**

Upon graduation from law school, Jay Stewart returned to Austin to practice Administrative and Regulatory Law.   Beginning in 1990, Mr. Stewart practiced in two environmental and regulatory focused law firms in Austin.   Mr. Stewart has been the managing partner of Hance Scarborough's Austin office since its inception in 1994.

**Oil and Gas, Environmental Regulatory Legal Experience:**

Twenty-five years of practice before state agencies, including environmental, oil and gas, energy, open records, oil and gas waste management, enforcement and regulatory matters.

His practice includes representation before the Texas Railroad Commission, Texas Commission on Environmental Quality, U.S. Environmental Protection Agency, and the Public Utility Commission of Texas.

Represents clients in matters with the Texas Attorney General's Office, agency litigation, DTPA, environmental and enforcement matters and Texas Public Information Act (formerly Texas Open Records Act).

Provides appellate representation for his clients, including before the Texas Supreme Court.

Provides lobbying and governmental relations representation of the firm's clients before the Texas Legislature, United State Congress and state and federal administrative agencies.